**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| **WELLS FARGO CLEARING SERVICES, LLC.,**<br><br>      **Plaintiff,**<br><br>      **v.**<br><br>**CALVIN RAY KLEINMANN,**<br><br>      **Defendant.** | **Case No. 2:20-cv-02511-HLT-JPO** |

## ORDER TO SHOW CAUSE

Plaintiff has filed this action to confirm an arbitration award. The stated basis for jurisdiction is diversity under 28 U.S.C. § 1332. Under § 1332, the "district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States . . . ."

"Diversity jurisdiction requires complete diversity—no plaintiff may be a citizen of the same state as any defendant." *Grynberg v. Kinder Morgan Energy Partners, L.P.*, 805 F.3d 901, 905 (10th Cir. 2015). In the Tenth Circuit, for purposes of determining diversity jurisdiction, a limited liability company is an unincorporated association and takes the citizenship of all its members. *Siloam Springs Hotel, L.L.C. v. Century Sur. Co.*, 781 F.3d 1233, 1234 (10th Cir. 2015); *see also Mgmt. Nominees, Inc. v. Alderney Invs., LLC*, 813 F.3d 1321, 1323-24 (10th Cir. 2016). A corporation's citizenship for purposes of diversity jurisdiction is determined by its place of incorporation and its principal place of business. *See Mgmt. Nominees*, 813 F.3d at 1324; *see also* 28 U.S.C. § 1332(c).

The complaint states both that Plaintiff is an LLC and also a corporation organized in Delaware and with its principal place of business in Missouri. Defendant is said to be a resident of

Kansas. To the extent Plaintiff is a corporation, this Court would have jurisdiction. But if Plaintiff is an LLC, there is no diversity unless the citizenship of all its members is diverse from Defendant. Based on the current complaint, the Court cannot determine whether it has jurisdiction.[1] *See United States ex rel. Gen. Rock & Sand Corp. v. Chuska Dev. Corp.*, 55 F.3d 1491, 1495 (10th Cir. 1995) ("The party seeking the exercise of jurisdiction in his favor must allege . . . the facts essential to show jurisdiction." (internal quotation and citation omitted)).

THE COURT THEREFORE ORDERS that Plaintiff SHOW CAUSE in writing on or before **October 28, 2020**, why this case should not be dismissed for lack of subject-matter jurisdiction.

IT IS SO ORDERED.

DATED:   October 14, 2020               */s/ Holly L. Teeter*
                                        HOLLY L. TEETER
                                        UNITED STATES DISTRICT JUDGE

---

[1]  As noted above, the stated basis for jurisdiction in the complaint is diversity jurisdiction. Although the complaint also states an arbitration award may be entered by "any court of competent jurisdiction," it is unclear whether Plaintiff is asserting an alternative basis of jurisdiction other than diversity.